THOMAS NICKOLOPULOS, PLAINTIFF-APPELLEE, v. SAMUEL LEHRER, DEFENDANT-APPELLANT.

Argued October 18, 1944—Decided January 19, 1945.

For the plaintiff-appellee, *Lum, Fairlie & Wachenfeld* (*Vincent P. Biunno,* of counsel).

For the defendant-appellant, *Oppenheim & Oppenheim* (*Joseph Steiner,* of counsel).

The opinion of the court was delivered by

THOMPSON, J.   Plaintiff-appellee was the owner of two adjacent store premises in Newark, New Jersey, which had been separately leased to the defendant-appellant by a former owner.

The leases were assigned to plaintiff and he became the landlord entitled to the rent.   The expiration date in both leases was June 30th, 1945.   Each lease recited that the premises were to be used and occupied as a store and show room for the purpose of disposing of, selling, vending and displaying automobiles, radios, refrigerators, washing machines, and other electrical appliances and equipment.

The lessee paid his rent to November 30th, 1942, and admittedly vacated the premises on or before that date.   On

October 1st, 1943, eleven months after the vacation by the lessee, the landlord claimed the rent due to that date to be $2,530, less $775 received from a new tenant which he credited against the $2,530, and sued for the balance of $1,775. The complaint charged that the lessee "did abandon and vacate the said premises" prior to December 1st, 1942, in violation of the terms and conditions of the leases.

The lessee answered, admitting the leases and admitting his vacation of the premises prior to December 1st, 1942, but denying that he abandoned the same, and denying that he had removed therefrom in violation of the terms and conditions of the leases.

The substantial issue in the case arises out of the contention of the defendant lessee which he sets forth as a first separate defense in his answer. The second separate defense, that he is not indebted to the plaintiff for any rent, and the other matters of denial in the answer are in effect corollary to the matters set forth in the first separate defense, and dependent upon the validity of that defense. This is likewise true of defendant's counter-claim for the return of a deposit of $300 originally made as security for the performance of the terms of the leases.

The substance of the first separate defense mentioned is that the leases stipulated that the premises were to be used for the purpose of disposing of, selling, vending, and displaying automobiles, radios, refrigerators, washing machines and other electrical appliances and equipment; that the defendant was allegedly evicted from the premises by the United States government by virtue of the fact that it, as a part of its war policy, and pursuant to acts of Congress, had promulgated orders prohibiting the production and sale of the articles set forth in the leases; that the defendant lessee surrendered the premises to the landlord and elected to terminate the leases because of the action of the government; that as a result of the government action, production and sale of the articles mentioned in the leases, for which the landlord let and the tenant rented the premises, had been prohibited, and as a result thereof the subject-matter of the contracts of lease had been destroyed and performance rendered impossible, and

the purpose for which the contracts were executed has been completely frustrated and the said leases have been terminated.

The plaintiff moved to strike the answer, the first and second separate defenses, and the counter-claim. The court ordered that the answer be stricken as insufficient in law and frivolous; that the first separate defense be stricken as insufficient in law, and the second separate defense as insufficient in law and frivolous; and that the counter-claim be stricken as frivolous. The appeal in this court is from such order.

The decision turns chiefly on the application of the pertinent orders promulgated by the federal authorities to the business of the lessee, which was to show and sell the type of articles enumerated in the leases, and to which business the use and occupation of the premises was restricted under the terms of the leases. If the effect of such orders, having the sanction of law and thereby the compulsion of observance, was that the defendant lessee was prohibited from carrying on the contemplated business expressed in the leases, there could be said to ensue by operation of law the destruction of the subject-matter and a frustration of the purpose such as would entitle the lessee to terminate the leases, and absolve him from further liability thereunder. *Schaefer* v. *Brunswick Laundry, Inc.,* 116 *N. J. L.* 268, 271; *Ryan* v. *Brown Motors, Inc.,* 132 *Id.* 154.

But, in the present case the defendant pleaded the issuance of government orders "prohibiting the production and sale of the articles set forth in the leases," as a consequence of which he had been evicted and performance of his contract of lease rendered impossible. The precise orders upon which defendant relied as having accomplished his business ruin were not cited or particularized, but the court, taking judicial notice of such government orders as did exist having relation to the class of merchandise in question, decided that they did not go to the extent of prohibiting the sale of automobiles, radios, refrigerators, washing machines and other electrical appliances and equipment.

The court was empowered to take judicial notice of the federal orders in question and of their contents and extent; (1) because they were matters of common knowledge through

their wide effect on the ordinary life, habits and usages of the general public, and (2) by force of the statute of this state, *R. S.* 2:98–28 to 98–30, as amended *Pamph. L.* 1942, *ch.* 104, *p.* 365. Furthermore, mere impairment of the beneficial use is not in itself sufficient to warrant termination of a lease at the will of the tenant.

Defendant-appellant's situation comes to this: He pleaded as an affirmative defense a two-fold action of the federal government, to wit, legally authoritative orders prohibiting both the production and sale of certain articles necessary for him to sell to operate the business permitted by his leases. On a motion of the plaintiff to strike this defense the court examined the related orders and found it was not true that they prohibited the sale of such articles; and therefore the alleged orders were determined to have been improperly pleaded as a defense, with the result that the defense was stricken as insufficient in law.

We think the court's disposition of the first separate defense was correct. The decision thus reached is dispositive of the objections raised by the defendant-appellant to the court's action in striking the answer, the second separate defense and the counter-claim. The answer admitted the leases and the vacation of the property before expiration of the term, and set forth no valid defense to the amount claimed to be due, which was the rent from December 1st, 1942, to October 1st, 1943, at the rate stipulated in the leases less a credit of $775 received by the landlord from a new tenant. By a bill of particulars furnished to defendant the details of the rent credit were disclosed. The second separate defense is a mere denial of any indebtedness by the defendant to the plaintiff after the surrender of the premises. The counter-claim is for the return of $300 originally deposited by the defendant as security for the performance of the terms of the leases. The termination of the tenancy not being the fault of the plaintiff, the counter-claim fails.

It is argued by the appellant that the court erroneously decided the motion to strike without any affidavits, testimony or other proof. The objection is not well taken. The contents of the pleadings and the judicial notice taken by the

court of the nature and extent of the federal orders were all that were necessary for a decision of the matter. It is also argued that the nature and extent of the effect of the federal orders on the defendant's business should have been submitted by testimony to a jury. The status of the matter as presented to the court did not reach the stage of recourse to a jury as to any matters within the province of a jury to decide. The issue was purely one of pleading, and therefore strictly within the jurisdiction of the court alone.

The judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, COLIE, WELLS, RAFFERTY, THOMPSON, DILL, JJ. 13.

*For reversal*—None.